UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES SPENCER a/k/a TROY BUXTON, | : |
| Petitioner | : CIVIL ACTION NO. 3:16-185 |
| v. | : (JUDGE MANNION) |
| L.J. ODDO, WARDEN, | : |
| Respondent | : |

# O R D E R

Pending before the court is the report of Magistrate Judge Susan E. Schwab which recommends that the petition for writ of habeas corpus filed in this action, (Doc. 1), be dismissed. (Doc. 9). The petitioner filed objections to the report, (Doc. 10), to which the respondent filed an opposing brief, (Doc. 11). In turn, the petitioner filed a reply brief. (Doc. 12).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no

objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in which he his challenging his life sentence under the "three strikes law," specifically, 18 U.S.C. §3559(c), on the basis that his prior felony convictions occurred before the effective date of the statute. Upon review, Judge Schwab concluded that the petitioner's claim does not fall within the narrow exception authorized by the saving clause of 28 U.S.C. §2255. Moreover, Judge Schwab found that the petitioner cannot challenge his sentence by way of §2241 noting that the Third Circuit has consistently "held that challenges of federal inmates attacking sentence enhancements cannot be raised by means of a Section 2241 petition and a district court has no Section 2241 jurisdiction to reexamine or second guess

the decision of the federal court." (Doc. 9) (quoting Gauthier v. Ebbert, 2016 WL 3197709, at *2 (M.D.Pa. June 9, 2016). Judge Schwab therefore recommends that the instant petition be dismissed.

The petitioner has filed objections to Judge Schwab's report. However, those objections do nothing more than repeat the same claims raised in his petition. The court finds the report of Judge Schwab to be well-reasoned and well-supported. As such, the court will adopt the report in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The petitioner's objections to the report of Judge Schwab, **(Doc. 10)**, are **OVERRULED**.

**(2)** The report and recommendation of Judge Schwab, **(Doc. 9)**, is **ADOPTED IN ITS ENTIRETY**.

**(3)** The petition for writ of habeas corpus, **(Doc. 1)**, is **DISMISSED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 11, 2018**
O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2016 ORDERS\16-185-01.wpd